**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

SHIVA STEIN,                                                      :
                                                                 :
          Plaintiff,                                    :   Civil Action No. 1:21-cv-7756
                                                                 :
v.                                                               :   **COMPLAINT FOR VIOLATIONS OF**
                                                                 :   **SECTIONS 14(a) AND 20(a) OF THE**
THE EXONE COMPANY, S. KENT                                       :   **SECURITIES EXCHANGE ACT OF**
ROCKWELL. JOHN F. HARTNER, JOHN                                 :   **1934**
IRVIN, GREGORY F. PASHKE, WILLIAM                               :
F. STROME, ROGER W. THILTGEN,                                   :   **JURY TRIAL DEMANDED**
BONNIE K. WACHTEL, and PAUL A.                                  :
CAMUTI,                                                          :
                                                                 :
          Defendants.                                   :
------------------------------------------------------------   :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against ExOne Company ("ExOne or the "Company") and the members ExOne's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between ExOne and Desktop Metal, Inc. and its affiliates ("Desktop Metal").

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on September 15, 2021 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Texas Merger Sub I, Inc. ("Merger Sub I"), a wholly owned subsidiary of Desktop Metal, will merge with and into ExOne with ExOne surviving as a wholly owned subsidiary of Desktop Metal; then immediately thereafter, ExOne will merge with and into Texas Merger Sub II, LLC ("Merger Sub II"), a wholly owned subsidiary of Desktop Metal, with Merger Sub II surviving this merger and continuing as a wholly owned subsidiary of Desktop Metal (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each ExOne stockholder will receive: (i) $8.50 in cash; and (ii) a number of shares of Desktop Metal Class A common stock equal to the exchange ratio set forth in the Merger Agreement (the "Merger Consideration").

3.       As discussed below, Defendants have asked ExOne's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisors, Stifel Capital Inc. ("Stifel") and Goldman Sachs & Co. LLC ("Goldman Sachs" and together with Stifel, the "Financial Advisors"), in support of their fairness opinions.

4.       It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.       For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

material information discussed below is disclosed to ExOne's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the proxy solicitor and financial advisor of ExOne are incorporated in this District, and a substantial part of the wrongs alleged therein occurred in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of ExOne stocks and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant S. Kent Rockwell has served as a member of the Board since January 2013 and is the Chairman of the Board.

11.     Individual Defendant John F. Hartner has served as a member of the Board since May 2020 and is the Company's Chief Executive Officer.

12.     Individual Defendant John Irvin has served as a member of the Board since January 2013.

13.     Individual Defendant Gregory F. Pashke has served as a member of the Board since May 2016.

14.     Individual Defendant William F. Strome has served as a member of the Board since May 2015.

15.     Individual Defendant Roger W. Thiltgen has served as a member of the Board since August 2018.

16.     Individual Defendant Bonnie K. Wachtel has served as a member of the Board since February 2013.

17.     Individual Defendant Paul A. Camuti has served as a member of the Board since 2021.

18.     Defendant ExOne a Delaware corporation and maintains its principal offices at 127 Industry Boulevard, North Huntingdon, Pennsylvania.   The Company's stock trades on the NASDAQ Stock Exchange under the symbol "XONE."

19.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

A.     **The Proposed Transaction**

21.     The ExOne Company develops, manufactures, and markets three-dimensional (3D) printing machines, 3D printed and other products, materials, and services to industrial customers in the United States, Germany, and Japan. The Company manufactures and sells 3D printing

4

machines that serves direct and indirect applications, including components and tools to produce

a component; and offers pre-production collaboration and print products for customers. It also

supplies associated materials comprising consumables and replacement parts; and other services,

such as training and technical support services. The Company markets its products under the

ExOne brand name. The Company was founded in 2005 and is headquartered in North

Huntingdon, Pennsylvania.

22.     On August 11, 2021, the Company and Desktop Metal jointly announced the

Proposed Transaction:

> BOSTON & NORTH HUNTINGDON, Pa.--(BUSINESS WIRE)-- Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne.
>
> "We are thrilled to bring ExOne into the DM family to create the leading additive manufacturing portfolio for mass production," said Ric Fulop, Founder and CEO of Desktop Metal. "We believe this acquisition will provide customers with more choice as we leverage our complementary technologies and go-to-market efforts to drive continued growth. This transaction is a big step in delivering on our vision of accelerating the adoption of additive manufacturing 2.0."
>
> "We are excited to join forces with Desktop Metal to deliver a more sustainable future through our shared vision of additive manufacturing at high production volumes," said John Hartner, CEO of ExOne. "We believe our complementary platforms will better serve customers, accelerate adoption of green technologies,

and drive increased shareholder value. Most importantly, our technologies will help drive important innovations at meaningful production volumes that can improve the world."

More and more businesses turning to additive manufacturing expect solutions that address all of their requirements across speed, cost, resolution, and part size. The acquisition of ExOne extends Desktop Metal's product platforms with complementary solutions to create a comprehensive portfolio combining throughput, flexibility, and materials breadth while allowing customers to optimize production based on their specific application needs. By combining ExOne's direct sales force with Desktop Metal's global distribution network of over 200 channel partners, the combined company will enable broader access to additive manufacturing solutions for businesses of all sizes while delivering increased materials innovation to provide customers with more choice and drive new application discovery.

"Today is a game-changing moment for the additive manufacturing community," said Kent Rockwell, Chairman of ExOne. "I see incredible opportunity for our customers in working with Desktop Metal and look forward to supporting this new and combined business."

**Transaction Details:**
Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70. If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share. The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing. Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

Kent Rockwell, ExOne's Chairman of the Board of Directors and largest shareholder, has entered into a Support Agreement in which he will vote his 4.2 million shares in favor of the transaction.

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

Credit Suisse Securities (USA) LLC is acting as exclusive financial advisor and Latham & Watkins is acting as legal advisor to Desktop Metal. Stifel is acting as exclusive financial advisor and McGuireWoods LLP is acting as legal advisor to ExOne.

* * *

23.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that ExOne's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Registration Statement**

24.     On September 15, 2021, ExOne and Desktop Metal jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to

vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

25.     The Registration Statement fails to provide material information concerning financial projections by management and relied upon by Stifel in their analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading. The Registration Statement indicates that in connection with the rendering of its fairness opinion, that the management prepared certain non-public financial forecasts (the "Company Projections" and "Desktop Metal Projections") and provided them to the Board and Stifel by management of both ExOne and Desktop Metal with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and their financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

26.     For the Company Projections and the Desktop Metal Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2021 through 2025: Adjusted EBITDA as calculated by each of the Company's and Desktop Metal's financial advisors, but fails to provide line items used to calculate the metric or a reconciliation of these non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

27.     When a company discloses non-GAAP financial measures in a Registration

Statement that were relied on by a board of directors to recommend that stockholders exercise their

corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory

mandates, also disclose all projections and information necessary to make the non-GAAP

measures not misleading, and must provide a reconciliation (by schedule or other clearly

understandable method) of the differences between the non-GAAP financial measure disclosed or

released with the most comparable financial measure or measures calculated and presented in

accordance with GAAP. 17 C.F.R. § 244.100.

28.     The SEC has noted that:

> companies should be aware that this measure does not have a
> uniform definition and its title does not describe how it is calculated.
> Accordingly, a clear description of how this measure is calculated,
> as well as the necessary reconciliation, should accompany the
> measure where it is used. Companies should also avoid
> inappropriate or potentially misleading inferences about its
> usefulness. For example, "free cash flow" should not be used in a
> manner that inappropriately implies that the measure represents the
> residual cash flow available for discretionary expenditures, since
> many companies have mandatory debt service requirements or other
> non-discretionary expenditures that are not deducted from the
> measure.

29.     Thus, to cure the Registration Statement and the materially misleading nature of the

forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration

Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most

comparable GAAP measure to make the non-GAAP metric included in the Registration Statement

not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

30.     With respect to Stifel's *Selected Comparable Company Analysis* for ExOne, the Registration Statement fails to disclose the individual financial metrics for the companies observed by Stifel in the analysis.

31.     With respect to Stifel's *Selected Precedent Transactions Analysis* for ExOne, the Registration Statement fails to disclose (i) the individual financial metrics for the transactions observed by Stifel in the analysis; and (ii) how the results of the analysis support Stifel's opinion that the Merger Consideration was fair to the Company's shareholders, since the Merger Consideration is less than the range of implied equity values per share implied by the EV/LTM Revenue analysis.

32.     With respect to Stifel's *Discounted Cash Flow Analysis* for ExOne, the Registration Statement fails to disclose: (i) the terminal value of the Company; (ii) the inputs and assumptions underlying the range of exit multiples ranging from 3.0x to 5.0x; (iii) the projected cash flows of the Company and the line items used to calculate the cash flows; (iv) the inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%; (v) the Company's weighted average cost of capital.

33.     With respect to Stifel's *Premiums Paid Analysis* for ExOne, the Registration Statement fails to disclose: (i) transactions observed for the analysis; and (ii) the premiums paid for the selected acquisitions.

34.     With respect to Stifel's *Historical Share Price Analysis* for ExOne, the Registration Statement fails to disclose: (i) the price targets observed and (ii) the research analysts reviewed.

35.     With respect to Stifel's *Selected Comparable Company Analysis* for Desktop Metal, the Registration Statement fails to disclose the individual financial metrics for the companies observed by Stifel in the analysis.

36.     With respect to Stifel's *Discounted Cash Flow Analysis* for Desktop Metal, the Registration Statement fails to disclose: (i) the terminal value of Desktop Metal; (ii) the inputs and assumptions underlying the range of exit multiples ranging from 4.0x to 6.0x; (iii) the projected cash flows of Desktop Metal and the line items used to calculate the cash flows; (iv) the inputs and assumptions underlying the discount rates ranging from 11.5% to 17.5%; (v) Desktop Metal's weighted average cost of capital.

37.     With respect to Stifel's *Historical Share Price Analysis* for Desktop Metal, the Registration Statement fails to disclose: (i) the price targets observed and (ii) the research analysts reviewed.

38.     With respect to Stifel's *Pro Forma Combined Company Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the illustrative terminal values of the combined company at the end of 2025; (ii) the inputs and assumptions underlying the range of exit multiples ranging from 4.0x to 6.0x; (iii) the projected cash flows of the combined company and the line items used to calculate the cash flows; (iv) the inputs and assumptions underlying the discount rates ranging from 11.5% to 17.5%; (v) the pro forma combined net debt; (vi) ExOne's net debt; (vii) Desktop Metal's net debt; (viii) the pro forma fully diluted share count of the combined company

39.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

43.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

44.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

45.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of ExOne within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of ExOne, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of ExOne, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of ExOne, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

50.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these

defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 16, 2021                      **MELWANI & CHAN LLP**

                                              By:  _/s/ Gloria Kui Melwani_

Gloria Kui Melwani
1180 Avenue of the Americas, 8th Fl.
New York, NY 10036
Telephone: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*

16